UNITED STATES of America,
Plaintiff-Appellee,

v.

Dana Hyrum M. BOLTON,
Defendant-Appellant.

No. 71-2164.

United States Court of Appeals,
Ninth Circuit.

March 20, 1972.

David Bettencourt, Deputy Public Defender (argued), Brook Hart, Public Defender, Honolulu, Hawaii, for defendant-appellant.

Harold M. Fong, Asst. U. S. Atty. (argued), Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before MERRILL, KILKENNY and TRASK, Circuit Judges.

PER CURIAM:

Appellant stands convicted of possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d).

The sole question presented on appeal is the sufficiency of the affidavit on the basis of which a search warrant issued resulting in recovery of the gun. Appellant contends the affidavit's showing of cause depended entirely on information of an informant whose reliability did not sufficiently appear.

We disagree. Reliability of the informant was amply established by the affidavit. The informant was shown to have related sufficient underlying circumstances to show that he had personal

knowledge of the facts of the crime.[1] He had on a previous occasion accurately related to the officers details of a murder and supplied information concerning unlawfully possessed weapons in the hands of various persons.[2] The sharpness of detail concerning the instant crime underscored reliability.[3] Some of the information supplied was corroborated by information independently developed by the police.[4]

We conclude that warrant properly was issued upon the affidavit.

■■■ At trial appellant sought to attack the affidavit collaterally by cross-examination of the officer affiant and by requiring the Government to identify and produce the informant.[5] He assigns as error the District Court's ruling that such matters were not material.

■■■ We find no error. As a general proposition, the legality of a search warrant depends upon the sufficiency of the underlying affidavit on its face and the question is whether the magistrate could determine the existence of probable cause upon the matter asserted in such affidavit.[6] Under the facts of this case departure from the general rule would not be justified.

Affirmed.

1. This is the first prong of the *Aguilar* test. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1963). *See also*, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968).

2. These were underlying circumstances appearing in the affidavit which justified the police in relying upon the informant. Aguilar v. Texas, *supra*; Spinelli v. United States, *supra*.

3. *See* United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).

4. *See* Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1959).

5. We observe that there is no constitutional compulsion upon the Government to disclose the identity of its anonymous informant, where guilt or innocence is not in question. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

6. In the past, federal courts have shown extreme reluctance to permit inquiry into the truthfulness of the facts underlying an affidavit which meets constitutional standards on its face. Carney v. United States, 163 F.2d 784 (9th Cir. 1947), quoting from Dumbra v. United States, 268 U.S. 435, 45 S.Ct. 546, 69 L.Ed. 1032 (1925) : "[T]he *apparent* facts set out in the affidavit are such that a reasonably discreet and prudent man would be led to believe that there was a commission of the offense." *See also*, Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442 (1946) ; Gracie v. United States, 15 F.2d 644 (1st Cir. 1926) ; United States v. Brunett, 53 F.2d 219 (W.D.Mo.1931) ; United States v. Gianaris, 25 F.R.D. 194 (D.D.C.1960) ; United States v. Doe, 19 F.R.D. 1 (E.D.Tenn.1956) ; United States v. Evans, 97 F.Supp. 95 (E.D. Tenn.1951).

Later cases indicate that exceptions to the rule may exist. Rugendorf v. United States, 376 U.S. 528, 531–532, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964) ; United States v. Suarez, 380 F.2d 713 (2d Cir. 1967) ; King v. United States, 282 F.2d 398 (4th Cir. 1960). *See also*, Wright, Federal Practice and Procedure (Criminal), Vol. 3 at 106–107. *And see* Kipperman, Search Warrant Affidavits, 84 Harv. L.Rev. 825 (1971). Nonetheless, existing authority uniformly requires a strong and substantial showing prior to the holding of a hearing upon such question. "There is no justification for allowing such a de novo trial of the issuing magistrate's determination as a routine step in every case." United States v. Halsey, 257 F. Supp. 1002 (S.D.N.Y.1966) ; United States v. Roth, 285 F.Supp. 364 (S.D. N.Y.1968) ; United States v. Gillette, 383 F.2d 843 (2d Cir. 1967). *And see* Mascolo, Impeaching the Credibility of Affidavits, 44 Conn.B.J. 9, 29. *See also*, Wright, Federal Practice and Procedure (Criminal), *supra*. The latest decision on this point concluded that a hearing was not in order without an initial showing of falsehood or other imposition on the magistrate. United States v. Dunnings, 425 F.2d 836 (2d Cir. 1969).