**STATE of Iowa, Appellee,**

v.

**Orval Lee JOHNSON, Appellant.**

**No. 55398.**

Supreme Court of Iowa.

Dec. 20, 1972.

Holmes, Ralph & Kutmus, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and Ray Fenton, Polk County Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

Defendant appeals from judgment sentencing him to serve a term of not more than ten years in the Men's Reformatory following his conviction of uttering a forged instrument in violation of section 718.2, The Code (1966).

Only one issue is presented. It is claimed the trial court erred in overruling defendant's pre-trial motion to suppress certain evidence seized in a search of defendant's automobile and in subsequently allowing the admission of that evidence at his trial. We reverse and remand for a new trial.

On March 5, 1967, two officers of the Des Moines Police Department arrested defendant in connection with bad check charges. There was then also a wanted person bulletin against him on a larceny charge involving the theft of several rings from Zale's Jewelry.

Defendant was taken to the Des Moines police station and his car was removed to the Owen Crist Garage for safekeeping. The officers then obtained a search warrant authorizing a search of the vehicle. A search was made, disclosing, among other things, a Capital City State Bank check book. This was the bank upon which the check defendant is alleged to have forged was drawn. It is the introduction of this check book to which objection is made.

The motion to suppress asserted (1) the search and seizure were unreasonable; (2) the search warrant was not properly issued; and (3) the officers "failed to follow constitutional procedures required in cases for search and seizure" under Amendment 4 to the Federal Constitution and section 8, Article I, of the Iowa Constitution.

Defendant argues that the search warrant was issued without a showing of probable cause. He asks us to decide this question solely on the authority of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723, 727–729 (1964). He specifically disclaims reliance on our recent search and seizure decisions in order, as he says, to avoid any argument about retroactivity.

No claim is asserted this search could have been made without a warrant under the less stringent rules protecting the privacy of automobiles compared to those guarding the sanctity of homes, offices, stores, and other premises. See State v. King, 191 N.W.2d 650, 655 (Iowa 1971); Chambers v. Maroney, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419, 426 (1970). We consider and decide the case as it was argued and presented, limiting our review to the validity of the warrant under which the search was made.

We have carefully examined the record relating to the issuance of the warrant. We have accorded it every possible favorable intendment, as we said we should in State v. Hall, 259 Iowa 147, 156, 143 N. W.2d 318, 323 (1966). Even so we are compelled to hold it was improperly issued without a showing of probable cause. We therefore conclude it was error to overrule defendant's motion to suppress and, later, to permit the use of the seized evidence against defendant.

As already mentioned, defendant renounces reliance of any authority except Aguilar v. Texas, supra. The State accepts that challenge and argues we should therefore test the warrant under State v. Lampson, 260 Iowa 806, 149 N.W.2d 116

(1967), whose guidelines the State says were controlling when this warrant was issued.

Paraphrased, the State's argument is that under Lampson the *applicant's* own subjective belief that probable cause existed was enough while now the *issuing officer* must independently find the existence of probable cause from information furnished when the application for a warrant is made.

We believe this argument both overlooks the positive duty placed on the issuing officer by Aguilar v. Texas, supra, and badly misconstrues what we said in State v. Lampson, 260 Iowa 806, 812, 149 N.W.2d 116, 119 (1967). See also State v. Hagen, 258 Iowa 196, 205, 137 N.W.2d 895, 900 (1965).

■ Aguilar is discussed in State v. Lampson, supra. It is unnecessary to repeat here what we said there except to point out that Aguilar announces, and Lampson clearly recognizes and applies, the principle that the issuing officer must make his own determination of probable cause from the facts presented to him by the applicant.

In Lampson (260 Iowa at 808, 809, 149 N.W.2d at 117), the information given by the applicant was minutely detailed as to its source, the past reliability of that source, and the circumstances upon which the applicant relied in concluding a search would reveal evidence of the commission of a crime. On that record we readily approved the issuance of a warrant.

The State here picks this quotation from Draper v. United States, 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327, 332 (1959), repeated approvingly in State v. Lampson, 260 Iowa at 812, 149 N.W.2d at 119, as validating the issuance of the warrant in the case now at bar:

"Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of

which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed. * * *"

However, the State disregards the fact that Lampson held such information sufficient *if presented to a magistrate for his determination of probable cause.* Lampson did *not* hold the arresting officer's conclusion that probable cause existed was enough.

This is demonstrated beyond any possible doubt by this further quotation which Lampson sets out from United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965):

"* * * Where these circumstances are detailed, where reason for crediting the source of the information is given, and *when a magistrate has found probable cause,* the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than commonsense, manner. * * *" (Emphasis added.)

█ In the case at hand, we are forced to say probable cause was not shown. The record discloses nothing except the unsupported conclusions of Officer Nelson. Probably the officer *knew* enough to show probable cause, but he did not communicate his information to the issuing officer.

This points up again the basic problem in most of the search warrant cases reaching us—the almost dogged refusal to recognize it is *not* the arresting officer's determination which counts; it is that of the *magistrate,* who must reach his conclusion solely upon information supplied to him at the time the warrant is requested. This is what we said in State v. Lampson, supra, and what we have since repeated in State v. Lynch, 197 N.W.2d 186, 192 (Iowa 1972); State v. Jensen, 189 N.W.2d 919, 925 (Iowa 1971); State v. Salazar, 174 N.W.2d 453, 455, 456 (Iowa 1970); State v. Spier, 173 N.W.2d 854, 857–859 (Iowa 1970).

Officer Nelson presented nothing except the statement that defendant had been identified as the person passing a bad check at a local store. He did not give the source of his information (which need not have been by name), the facts which made it reliable, nor whether the identification was by eye witness, by hearsay, or by informant. He gave *no* circumstances from which the municipal judge acting as a "reasonable man could conclude probable cause existed." The warrant was issued solely on Officer Nelson's conclusions.

We hold the search warrant was improvidently granted, that the evidence obtained thereby should have been suppressed, and that defendant's conviction must be reversed for purposes of a new trial.

Reversed and remanded.