STATE of Iowa, Appellee,

v.

Charles C. LIESCHE, Jr., Appellant.

No. 57211.

Supreme Court of Iowa.

April 16, 1975.

Ken Sojka, Buckley & Sojka, Harlan, and Frank W. Pechacek, Jr., Smith, Peterson, Beckman, Willson & Peterson, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Charles L. Smith, III, County Atty., for appellee.

Heard before REYNOLDSON, Acting C. J., and MASON, LeGRAND, REES and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for carrying a concealed weapon in violation of Code § 695.2. The determinative issue is whether the trial court erred in overruling defendant's pretrial motion to suppress evidence. The motion challenged the validity of a search warrant under which the weapon involved was seized. We find that the motion should have been sustained. The case is reversed and remanded for dismissal.

The weapon in this case was a pistol. It was found in a search of defendant's pickup truck in Missouri Valley in the late afternoon of June 22, 1973. The pistol was under the seat of the vehicle. The search was made under a search warrant obtained a few minutes before the search by Harrison County deputy sheriff Larry McWilliams from justice of the peace Paul Healey.

Defendant filed a pretrial motion to suppress evidence of the search. The motion was later orally supplemented. Upon hearing, the evidence consisted of testimony by justice of the peace Healey, the application for the warrant, and the warrant itself. The hearing was held December 3, 1973, more than five months after the date the warrant was issued.

The application for the warrant did not contain an endorsement showing the name and address of any witness upon whose sworn testimony the warrant was issued, nor did it contain any abstract of such witness' testimony. It did contain an affidavit by deputy McWilliams.

The justice of the peace could not remember clearly the circumstances under which the warrant was issued. He testified that deputy McWilliams was the only witness. He said the deputy swore to the facts recited in his affidavit. That recital was as follows:

"Larry McWilliams, Dep. Sh., being first duly sworn, on oath states that he is a credible resident of the State of Iowa, that he has a substantial reason to believe, and does believe that certain weapons could be * * * [illegally] concealed on his person or in his vehicle, one 1973 Chevrolet, license number BG–2964 * * * by one Charles Clifford Liesche, Jr., * * * at the following described premises, situated in Harrison, County, Iowa, to wit: in a 1973 (tan) Chevrolet pickup * * *."

The justice of the peace testified the deputy orally told him he was looking for a revolver which the deputy believed defendant had used in a rape offense for which the justice of the peace had about one hour before issued an arrest warrant. The justice of the peace remembered issuing the warrant for defendant's arrest in that case. He said the deputy told him the weapon should either be on defendant's person or in his vehicle. The alleged rape offense apparently occurred some days prior to the date the search warrant was issued. The record does not show deputy McWilliams was under oath when he gave the justice of the peace the information omitted from his affidavit.

The trial court overruled the motion to suppress. Included in the grounds urged by defendant in support of his motion at trial and in support of his assignment of error here are contentions the search warrant was invalid because the justice of the peace did not endorse on the application the data required by § 751.4, The Code, and because the warrant was not issued upon probable cause. The State argues these contentions are without merit and asserts we cannot reach them in any event because reversible error may not be predicated on a trial court order overruling a pretrial motion to suppress.

■ I. In Twyford v. Weber, 220 N.W.2d 919, 923 (Iowa 1974), we distinguished motions in limine from motions to suppress. We pointed out that a motion to suppress is appropriate to raise questions regarding admissibility of evidence in situations where the court's pretrial determination will ordinarily put an end to the question in the trial court. A question involving the legality of a search and seizure was given as an example. In contrast, a motion in limine ordinarily raises questions to alert the court to an evidentiary problem which may arise during trial. It adds a procedural step to the offer of evidence. The court's final ruling must frequently await the context in which the problem arises at trial.

As a result, we have said reversible error may be predicated on an order overruling a pretrial motion to suppress, although reversible error may not be predicated on an order overruling a pretrial motion in limine. See State v. Untiedt, 224 N.W.2d 1, 2–3 (Iowa 1974), and citations.

We thus reach the merits of defendant's contentions in this case.

II. Defendant contends the warrant was invalid because the justice of the peace did not comply with the endorsement requirement of § 751.4, The Code. In 1969 the legislature amended § 751.4 to add two sentences affecting the procedure to be employed by a judicial officer in issuing a search warrant. Acts First Session 63 G.A., ch. 306, § 2. Those two sentences prescribe an endorsement procedure when the magistrate receives oral testimony in support of the application for the warrant:

"If the magistrate thereafter issues the search warrant, he shall endorse on the application the name and address of all persons upon whose sworn testimony he relied to issue such warrant together with an abstract of such witness' testimony. However, if the grounds for issuance is supplied by an informant, the magistrate shall only identify the peace officer to whom the information was given and that he finds that such informant had previously given reliable information."

In this case the record shows the justice of the peace took oral evidence from deputy McWilliams. We will assume, without deciding, that the deputy was sworn at the time. In this situation the first sentence of the amendment to § 751.4 required the justice of the peace to endorse the deputy's name and address on the search warrant application, together with an abstract of his sworn oral testimony. The second sentence of the amendment is inapplicable.

The justice of the peace did not follow the statute regarding the oral testimony of deputy McWilliams. Therefore we must decide the effect of failure to comply with

the endorsement requirement of the statute.

In State v. Spier, 173 N.W.2d 854, 862 (Iowa 1970), a case which arose before but was decided after the amendment to § 751.-4, we held the endorsement procedure is mandatory when issuance of a search warrant is based wholly or in part upon oral testimony. We also discussed the purpose of the requirement. We said:

" * * * [I]t is to us now apparent that when a magistrate issues a search warrant based wholly or in part upon sworn testimony presented to him, then (1) the name and address of every person so testifying and an abstract of the testimony of each such witness shall be endorsed on the application, and (2) if the basis for issuance of the warrant is supplied wholly or in part by an informant, the magistrate shall likewise endorse on the application only the identity of the peace officer to whom the informant was given, with an abstract of the factual showing made, under oath or affirmation, upon which the magistrate determined reliability of the informant.

"That, we believe, will fulfill the mandatory requirement set forth in Code section 751.4 as amended by chapter 306, Acts of the First Regular Session, Sixty-Third General Assembly * * *.

"Moreover, this prescribed procedure will undoubtedly permit a more accurate and meaningful judicial review of the 'probable cause' showing upon which a warrant issuing magistrate acted."

In State v. Boyd, 224 N.W.2d 609, 616 (Iowa 1974), we commented that this procedure insures the availability of the evidence upon which the finding of probable cause was made, whether by affidavit or oral testimony before the magistrate:

"In the former the instrument itself tells its own story; in the latter, the magistrate must endorse, among other things, the substance of the testimony received. [citing State v. Spier, supra]. Thus a defendant knows the facts recited against

him. He should point out their imperfection if he asks to assail their veracity."

In the Boyd case we adopted a rule permitting a defendant to inquire into the truth of representations upon which a search warrant was issued, after a preliminary showing under oath that an agent of the state obtained the warrant by an intentionally false statement or fraud, or by a materially false statement, whether intentional or not. In so doing, we assumed compliance by the issuing officer with § 751.4.

More recently, in State v. Valde, 225 N.W.2d 313 (Iowa 1975), we held there must be substantial compliance with the endorsement mandate of § 751.4. In that case the magistrate treated an officer's informant as an informant within the meaning of the last sentence of § 751.4 despite the fact the informant appeared before the magistrate and gave sworn testimony. The officer also appeared and swore to the informant's reliability. The magistrate endorsed an abstract of the informant's testimony on the application but did not disclose the informant's identity. We found substantial compliance with § 751.4, holding the magistrate's procedure was within the spirit and intent of the procedure dictated by the last sentence of § 751.4. No issue was raised in the Valde case regarding whether a judicial officer may or should take testimony from a secret witness, nor did we decide the effect of a failure by a judicial officer to comply substantially with the endorsement requirement of the statute.

In the present case the justice of the peace failed utterly to comply with the mandatory endorsement requirement. We must, for the first time, decide the effect of such failure.

It created an intolerable situation in the suppression hearing. For a report regarding the oral testimony of deputy McWilliams, all parties were dependent on the understandably poor memory of the justice of the peace concerning information he had received more than five months earlier. Insofar as issuance of the warrant was based

on oral testimony, accurate and meaningful review of the probable cause showing was impossible. See State v. Spier, supra. In addition, the defendant had been deprived of notice of the facts recited against him for purposes of attacking their veracity as contemplated in State v. Boyd, supra. The purposes of the requirement were frustrated.

■ In light of the purposes of the statutory mandate, we believe it was the intent of the legislature in adopting the 1969 amendment to § 751.4 to require the sufficiency of probable cause for issuance of a search warrant to be tested entirely by the recitals in affidavits and the magistrate's abstracts of oral testimony endorsed on the application. No other evidence bearing on this issue should be received in a suppression hearing. All essential facts bearing on the existence of probable cause must either be included in an affidavit or affidavits presented to the issuing officer or in the issuing officer's abstract or abstracts of sworn oral testimony. The search warrant must stand or fall on the facts shown in that manner.

This requirement is analogous to federal practice under rule 41(c), Federal Rules of Criminal Procedure. ("A warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for the warrant."). Under that rule, probable cause must be shown within the four corners of the affidavits. See United States v. Damitz, 495 F.2d 50, 54 (9 Cir. 1974); United States v. Brouillette, 478 F.2d 1171, 1176–1177 (5 Cir. 1973) (search warrant and supporting affidavit must stand or fall on the facts within them); United States v. Bolton, 458 F.2d 377, 378 (9 Cir. 1972) (the showing of probable cause depends upon the sufficiency of the underlying affidavit on its face); United States v. Feldman, 366 F.Supp. 356, 363 (D.Haw. 1973). Although oral testimony is not abstracted, it is required to be transcribed and made part of the affidavits. See Notes of Advisory Committee on Rules, 18 U.S.C.A. Fed.R.Crim.P. 41 at 76 (Supp.1975).

■ We hold that the absence of substantial compliance with the endorsement requirement of § 751.4 does not automatically invalidate a search warrant. First, the issue must be raised by timely motion or objection in the trial court. Second, if the magistrate's abstract of oral testimony of a witness is factually incomplete, the court may still consider the facts from the testimony of that witness which are abstracted. Third, when the endorsement is deficient because of failure to identify a witness who is not an informant, only the abstract showing the testimony of that witness is to be disregarded. In that event, the sufficiency of probable cause is to be determined by any affidavits or properly endorsed abstracts of testimony remaining. In no event, when the issue is raised by timely motion or objection, may the showing of probable cause for issuance of a search warrant be supplemented in the suppression hearing.

■ This means evidence regarding oral testimony of deputy McWilliams should have been excluded in the suppression hearing in this case. Existence of probable cause for issuance of the search warrant should have been tested by what his affidavit showed.

■ III. The remaining question is whether there is merit in defendant's additional contention that the search warrant was invalid because it did not issue upon probable cause. Examination of the deputy's affidavit shows the justice of the peace was not given sufficient facts, as opposed to mere conclusions of the deputy, to make his own probable cause determination.

There is nothing we can say in this case about probable cause which we have not already said in other cases. See State v. Boer, 224 N.W.2d 217 (Iowa 1974), and citations; State v. Johnson, 203 N.W.2d 126 (Iowa 1972); State v. Salazar, 174 N.W.2d 453 (Iowa 1970); State v. Spier, supra.

The basis for issuance of the search warrant in this case is analogous to that in

State v. Johnson, supra. There, as here, the record disclosed nothing to establish probable cause for search of the defendant's vehicle except the unsupported conclusions of a police officer. We observed:

"Probably the officer *knew* enough to show probable cause, but he did not communicate his information to the issuing officer. This points up again the basic problem in most of the search warrant cases reaching us—the almost dogged refusal to recognize it is *not* the arresting officer's determination which counts; it is that of the *magistrate*, who must reach his conclusion solely upon information supplied to him at the time the warrant is requested." Id., 203 N.W.2d at 128.

In the present case deputy McWilliams was not shown to have furnished the justice of the peace with facts, as opposed to conclusions, to permit the judicial officer to make his own determination regarding the existence of probable cause.

The motion to suppress should have been sustained on this ground.

Reversed and remanded.