**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Ronald Steven MENDEL, Kerry Lowell Gress and Elizabeth Reeves, Defendants-Appellees.**

**No. 77–1421.**

United States Court of Appeals,
Seventh Circuit.

Argued April 4, 1978.

Decided May 10, 1978.

Rehearing and Rehearing En Banc Denied June 28, 1978.

William A. Barnett, Jr., Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant.

Daniel K. Webb, Nancy Schaefer, Chicago, Ill., for defendants-appellees.

Before SPRECHER and TONE, Circuit Judges, and JAMESON, Senior District Judge.*

TONE, Circuit Judge.

The government appeals under 18 U.S.C. § 3731 from an order of the District Court suppressing evidence seized pursuant to a search warrant. The ground for suppression was that the affidavit for a search warrant was insufficient, because, instead of reciting within its four corners the facts constituting probable cause, it incorporated those facts by reference to a tape recording of oral statements made under oath before the issuing magistrate. We hold the affidavit sufficient and reverse the order.

For approximately one week before September 28, 1976, agents of the Drug Enforcement Administration carried on an investigation that eventually led them to believe the coach house at 1910 North Mohawk, Chicago, Illinois, was being used for the unlawful manufacture of the controlled substance methamphetamine. Commencing at about 11:00 A.M. that day several agents maintained a continuous surveillance of the coach house. By about 3:20 P.M. they concluded that probable cause existed for obtaining a warrant. They knew from their earlier investigation and from their surveillance that day that quantities of chemicals used in manufacturing methamphetamine

had been brought to the subject premises. They smelled ether, which appeared to be emanating from the coach house, indicating to them that the process of manufacturing methamphetamine was in its last stages and that therefore a search should be made promptly if they were to obtain evidence of manufacture.

At about 4:30 P.M. one or more of the agents appeared at the office of the United States Attorney and sought assistance in obtaining a search warrant. An Assistant United States Attorney, using a printed form entitled "Affidavit for Search Warrant," prepared an affidavit to be executed by Special Agent Richard L. Ripley. The document recited that the affiant had reason to believe that on the subject premises, which were carefully identified and described, were concealed certain articles that were means, instrumentalities, fruits, and evidence of the crime, which was also described. After the printed words, "And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows," the words "(SEE ATTACHED AFFIDAVIT)" were typed but then crossed out by hand, and in their place the words, "Tape to be typed later and attached," were written in by hand.

At 9:00 P.M. that evening the Assistant United States Attorney, Agent Ripley, another DEA agent, and a DEA chemist took the unsigned affidavit and a tape recorder to United States Magistrate James T. Balog at his home in Chicago. With the tape recorder operating, Agent Ripley was sworn and then proceeded to state in considerable detail the facts upon which he based his belief of probable cause. His statement was interrupted several times by questions from the Assistant United States Attorney and the magistrate. At the conclusion of the presentation, the magistrate announced that he was satisfied as to probable cause and that he would issue the warrant. The time was announced to be 9:24 P.M. The recorder was turned off at this point and then within a minute turned back on to

* The Honorable William J. Jameson, Senior District Judge of the United States District Court for the District of Montana, is sitting by designation.

record a discussion about when the search would be conducted.[1] After hearing why there was good reason to delay the search until after the defendants, who had left the premises, returned,[2] the magistrate announced that he would authorize the search after 10:00 P.M. provided it was conducted within one hour after the defendants' return. Sometime during the proceedings, Agent Ripley signed the affidavit form under oath. The magistrate issued the search warrant. Later, the proceedings recorded on the tape were transcribed, and the magistrate certified to the accuracy of the transcript.

The agents executed the search warrant, seized the subject articles, and arrested the defendants, who were later indicted for offenses under the controlled substance law, 21 U.S.C. §§ 841(a)(1) and 846.

■ The defendants moved to suppress the evidence on the ground that the proce-dure by which the warrant was obtained had not complied with Rule 41(c), Fed.R. Crim.P.,[3] and in particular the first sentence of that rule, which provides as follows:

A warrant shall issue only on an affidavit or affidavits sworn to before the federal magistrate or state judge and establishing the grounds for issuing the warrant.

The asserted defect was that the sworn statement of probable cause was not set out in the affidavit itself. The District Court suppressed the evidence on that ground.[4] This appeal followed.

We believe the District Court's reading of the rule was unduly narrow, and that the recording of the sworn statement made before the magistrate was properly incorporated by reference into the affidavit and made a part of it. Whatever the situation before the 1972 amendment to Rule 41(c),[5]

1. Rule 41, Fed.R.Crim.P., provides that the search warrant shall be executed between 6:00 A.M. and 10:00 P.M. unless, upon a showing of reasonable cause, the issuing authority authorizes otherwise and makes an appropriate notation in the warrant.

2. The other agent present stated that an interruption of the chemical process by which methamphetamine is made creates a risk of explosion, and, therefore, they always "like to have one of the chemists present that is actually operating the lab." He said the defendants had gone out and might not return by 10:00 P.M.

3. Rule 41(c), as it stood at the time of the issuance of the warrant in this case, became Rule 41(c)(1), effective August 1, 1976. See Pub.L. 94–349, § 1, 90 Stat. 822 (1976). New subparagraph (c)(2) of the 1976 amendment proposed by the Supreme Court was delayed and revised by Congress before it became effective on October 1, 1977. See Pub.L. 95–78, 91 Stat. 319.

4. Subsequently, the government sought reconsideration of the order on the ground, *inter alia*, that there were exigent circumstances that would have justified a warrantless search. After an evidentiary hearing, the court held that exigent circumstances did not exist. The government also contended that two of the defendants lacked standing to challenge the search warrant, a contention also rejected by the District Court. The government does not challenge either of these rulings.

5. Before that amendment, the circuits were divided on the question of whether facts adduced in a sworn oral statement before the magistrate but not set out in the affidavit, could be considered in determining whether probable cause existed. Compare, *e. g., United States v. Hill*, 500 F.2d 315 (5th Cir.) *cert. denied* 420 U.S. 931, 95 S.Ct. 1135, 43 L.Ed.2d 404 (1975), and *Leeper v. United States*, 446 F.2d 281 (10th Cir.) *cert. denied* 404 U.S. 1021, 92 S.Ct. 695, 30 L.Ed.2d 671 (1972), with *United States v. Anderson*, 453 F.2d 174 (9th Cir. 1971).

The Notes of the Advisory Committee state that Rule 41(c), as originally adopted, effective March 21, 1946, was a restatement of existing law, former 18 U.S.C. §§ 613–616, 620 (§§ 3, 4, 5, 6, 10 of Title XI of the Espionage Act of June 15, 1917, 40 Stat. 228). Former § 614 required the issuing officer "before issuing the warrant, to examine on oath the complainant and any witnesses he may produce, and require their affidavits or take their depositions in writing and cause them to be subscribed by the parties making them." Thus, the language of the statute prohibited oral supplementation of the written affidavit, and cases interpreting the statute so held. *Steele v. United States No. 1*, 267 U.S. 498, 501, 45 S.Ct. 414, 69 L.Ed. 757 (1924); *Poldo v. United States*, 55 F.2d 866, 868 (9th Cir. 1937). See *United States v. Innelli*, 286 F. 731, 732 (E.D.Pa.1923). It was also held that § 614 required the affiant to subscribe to his written statement before the issuing officer, but that that officer need not cross-examine the affiant. *Rose v. United States*, 45 F.2d 459 (8th Cir. 1930).

that amendment evidences an intention that a recorded sworn oral statement by the affiant made in the presence of the magistrate should be considered as a part of the affidavit. The fourth sentence of Rule 41(c)(1), added by the 1972 amendment, states as follows:

> Before ruling on a request for a warrant the federal magistrate or state judge may require the affiant to appear personally and may examine under oath the affiant and any witness he may produce, provided that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit.

Thus the magistrate may consider sworn oral testimony in determining whether the grounds for issuing a warrant exist. The only reason that the procedure employed in the case at bar arguably was not expressly authorized by the sentence just quoted is that the text of the affidavit itself, although it described the place to be searched, the articles to be seized, and the crime suspected, did not state any of the facts showing probable cause, except by reference to the tape, and left all those facts to be supplied by the oral statement. The rule's first sentence, which says the "affidavit" must establish "the grounds for issuing the warrant," is heavily relied upon. Yet if some but not all of those facts had appeared in the text of the affidavit and the others only on the tape, there would be no doubt that the rule was complied with; for otherwise the procedure authorized by the fourth sentence would be superfluous. We think the rule contemplates that in either case the recording, when incorporated by reference, is to be considered a part of the affidavit.[6]

---

We have found no case, however, either before or after the adoption of Rule 41(c), holding that oral testimony before the magistrate that had been recorded and incorporated by reference into an affidavit could not be considered in determining probable cause. The practice of incorporation by reference is of long standing. See *Siden v. United States*, 9 F.2d 241, 243 (8th Cir. 1925).

**6.** The Advisory Committee Notes to the 1972 amendment state:

The words "such proceeding shall be taken down by . . . recording equipment and made part of the affidavit" cannot reasonably be interpreted to require that a transcript of the proceeding be physically incorporated into the body of the affidavit before the instrument is subscribed and sworn to. That procedure would require that the issuance of the warrant await the preparation of a transcript of the proceeding and the revision, retyping, resubscribing, and reverification of the affidavit. It is inconceivable that such a time-consuming, cumbersome, and pointless procedure was intended, especially in view of the likelihood that time will be of the essence when a search warrant is being sought.

The defendants, reasoning from the premise that the warrant was issued without an affidavit that showed grounds for probable cause, argue that such a practice was not authorized at all until the 1977 addition of paragraph (2) to Rule 41(c), and then only if based on a telephonic sworn statement.[7] We do not accept the premise, for the reasons we have already stated. We find nothing that alters our interpretation of Rule 41(c) in the 1977 amendment itself or in the House hearings leading to that amendment, to which the defendants also refer us, Proposed Amendments to the Federal Rules of Criminal Procedure, Hearings before Subcommittee on Criminal Justice of the Committee on Judiciary, House of Representatives, 95th Cong., 1st Sess. (1977) and Hearings Before Subcommittee on Criminal Justice of the Committee on the Judiciary, House of Representatives on H.R. 5865, 95th Cong., 1st Sess. (1977).

It is also argued that requiring the text of the written affidavit to include a written

---

If testimony is taken it must be recorded, transcribed, and made part of the affidavit or affidavits. This is to insure an adequate basis for determining the sufficiency of the evidentiary grounds for the issuance of the search warrant if that question should later arise.

**7.** Paragraph (2) provides that "when circumstances make it reasonable to do so," a warrant may issue "upon sworn oral testimony of a person who is not in the physical presence of a federal magistrate . . . ."

recital of the grounds for belief of probable cause is somehow more likely to assure a carefully considered decision by the magistrate. We disagree. The law generally prefers spontaneous oral testimony to a written affidavit. An affidavit, which can be and often is prepared by someone other than the affiant, is less likely to reflect fairly and accurately the affiant's own recollection or perception than is spontaneous oral testimony. Moreover, oral presentation makes it possible for the magistrate to explore any points not adequately covered or left ambiguous by the witness' statement.[8] We recognized in *United States v. Brown*, 548 F.2d 204, 208 (7th Cir. 1977), the value of the oral sworn statement provided for in the 1972 amendment. And in *United States v. Noreikis*, 481 F.2d 1177, 1178 (7th Cir.), *cert. denied* 415 U.S. 904, 94 S.Ct. 1398, 39 L.Ed.2d 461 (1974) (as to two defendants and judgment vacated as to third on other grounds), the court said,

> The magistrate must be given the facts so that he can make an independent judgment and not rely on the mere conclusions of the officer.

Oral testimony before the magistrate will often be more likely than an affidavit to assure that the magistrate will make an independent judgment based on the facts and not rely on the mere conclusions of the officer.

Our interpretation of Rule 41(c) is consistent with the purposes underlying the affidavit requirement, which are (1) to insure that the magistrate "may judge for himself the persuasiveness of the precise facts relied on to show probable cause," and (2) to provide a record upon which the re-

viewing court may properly determine the sufficiency of the facts presented to the magistrate to establish probable cause and whether they were in fact given under oath. *United States v. Anderson*, 453 F.2d 174, 177 (9th Cir. 1971). Both purposes were achieved by the procedure used in this case.

■ Our interpretation is also consistent with the approach adopted in *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). Just as

> the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a common sense, manner,

they should not invalidate the warrant by interpreting the rule in such a manner. Applicable here is the principle that *Ventresca* states should guide the interpretation of an affidavit, *viz.*,

> the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

*Id.* at 109, 85 S.Ct. at 746 (citation omitted). Because the sworn presentation before the magistrate showed probable cause beyond question and no conceivable prejudice to the defendants has resulted from the procedure used, any doubts should be resolved in favor of the validity of the warrant.

It is also contended that the interruption of the proceeding before the magistrate, as shown on the tape recording, should be a ground for avoiding the warrant. It is pointed out that the 1977 amendment to the rule, in subparagraph (c)(2)(D), requires

---

8. See also the Advisory Committee notes to the 1972 Amendment:

> The provision . . . that the magistrate may examine the affiant or witnesses under oath is intended to assure him an opportunity to make a careful decision as to whether there is probable cause. It seems desirable to do this as an incident to the issuance of the warrant rather than having the issue raised only later on a motion to suppress the evidence. See L. Tiffany, D. McIntyre, and D. Rotenberg, *Detection of Crime* 118 (1967).

That a conventional affidavit often fails to produce the desired "careful decision as to wheth-

er there is probable cause" was pointed out by the Tiffany, *et al.*, reference cited by the Committee:

> [T]here are some places, Chicago, for example, where it is common for motions to suppress to be granted. . . . This reflects in part the failure of the first judge to take the issue of the warrant seriously . . . . Whatever the explanation, this fact when it exists further detracts from the search warrant as a desirable alternative for police. *Id.* at 118-119.

that all of the telephone calls be recorded, and that this was a subject of concern in the hearings that led to the adoption of that amendment. Proposed Amendments to the Federal Rules of Criminal Procedure, Hearings, *supra*, pp. 176–179. It is paragraph (c), as amended in 1972, now subparagraph (c)(1),[9] that applies here, and that provision contains no requirement that the magistrate record everything said in his presence before or after the sworn statement. Moreover, it appears from the tape itself, as well as from the testimony given at the hearing, that a full presentation on probable cause for the search was made and the magistrate announced that he found probable cause before the recorder was turned off; and that the discussion after the recorder was again turned on concerned only whether the search should be authorized after 10:00 P.M. The interruption in the tape does not require suppression of the evidence.

█ The defendants do not argue that their rights under the Fourth Amendment were violated by the procedure adopted here, and such an argument would be meritless. The Fourth Amendment does not require that probable cause be established by an affidavit. *E. g., Gillespie v. United States*, 368 F.2d 1, 4 (8th Cir. 1966); see *Whiteley v. Warden*, 401 U.S. 560, 565 n. 5, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). Thus the Second Circuit has held that a search pursuant to a warrant based on a telephonic statement does not offend the Fourth Amendment. *United States v. Turner*, 558 F.2d 46, 50–51 (1977).

The same result should follow even if our interpretation of Rule 41(c)(1) were ultimately determined by the Supreme Court to be incorrect, having in mind the admonition of Rule 52(a):

Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

*Cf. United States v. Ravich*, 421 F.2d 1196, 1201 (2d Cir.) *cert. denied* 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970). In the *Turner* case, it was contended that the telephonic search warrant procedure failed to comply in all respects with the state statute pursuant to which it was undertaken and would therefore be suppressed by a state court. The Second Circuit assumed that to be correct but nevertheless held that, because it was dealing with a federal prosecution, federal law determined whether suppression was appropriate; that, because a federal agent had a hand in the search, its validity had to be considered in the light of both Rule 41 and the Fourth Amendment; and, citing *United States v. Burke*, 517 F.2d 377, 386–387 (2d Cir. 1975), that even if Rule 41 was violated the violation would not lead to exclusion absent a showing of "prejudice" or "intentional and deliberate disregard of a provision in the Rule." The court said that there may be prejudice "in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed," citing *United States v. Burke, supra*, or in the denial of a substantial procedural safeguard. No such prejudice was found, and suppression was denied.

Application in the case at bar of these tests for prejudice produces the same result. First, as in *Turner*, it is clear that the warrant would have been properly issued if the facts stated orally had been set forth in the text of the affidavit. The defendants do not contest the finding of probable cause. Moreover, as in *Turner*, "[t]he facts relied on to make up probable cause have been preserved both on tape and in written form, and they were supplied by witnesses whose identities are known and who were under oath."

Second, there is no basis for an inference that the government agents intentionally disregarded a provision in the rule. There is no evidence that they believed the procedure they followed violated the rule, and we can hardly say they acted unreasonably in adopting the interpretation of the rule we have held to be correct. Even if that interpretation ultimately proved wrong, therefore, application of the exclusionary rule would be inappropriate for the reasons stated in *Turner*, 558 F.2d at 51–53. *Cf. Stone v. Powell*, 428 U.S. 465, 486–487, 96 S.Ct.

**9.** See note 3, *supra*.

3037, 49 L.Ed.2d 1067 (1976); *United States v. Harrington*, 504 F.2d 130, 134 (7th Cir. 1974).

Defendant Mendel also argues that the evidence should be suppressed because the magistrate failed to make a notation on the search warrant authorizing its execution after 10:00 P.M., as required by Rule 41(c)(1). Mendel concedes that there was ample reason to authorize the late search. The magistrate stated he was authorizing it, as the transcript of the tape recording shows. Under these circumstances, the technical violation of the rule does not require suppression. *United States v. Ravich, supra,* 421 F.2d at 1201.

We reverse the order appealed from and remand the case to the District Court for trial.

REVERSED.