STATE of Iowa, Appellee,

v.

Edward H. PASCHAL, Jr., Appellant.

STATE of Iowa, Appellee,

v.

Charles Bernard BOEHMLER, Appellant.

No. 63102.

Supreme Court of Iowa.

Jan. 14, 1981.

John M. Maher of Chipokas, Platt, Maher & Forte, Cedar Rapids, for appellants.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., and Susan L. Weller, Asst. Linn County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

LARSON, Justice.

In this consolidated appeal, Edward H. Paschal, Jr. and Charles Bernard Boehmler challenge their convictions of the crime of possession with intent to deliver a controlled substance in violation of section 204.401(1), The Code 1977. Evidence seized under a warrant, they contend, should have been suppressed because the warrant was obtained in violation of the Fourth Amendment to the United States Constitution and section 808.3, The Code 1977. The district court refused to suppress the evidence. We affirm.

Our search warrant procedure is set out in section 808.3, The Code:

Any person may make application for the issuance of a search warrant by submitting before any magistrate a written application, supported by the person's oath or affirmation, and setting forth therein facts, information, and circumstances tending to establish sufficient grounds for granting the application, and probable cause for believing that such grounds exist. . . . If the magistrate thereafter issues the search warrant, the magistrate shall endorse on the application the name and address of all persons upon whose sworn testimony the magistrate relied to issue such warrant together with the abstract of each witness' testimony, or his or her affidavit. However, if the grounds for issuance are supplied by an informant, the magistrate shall identify only the peace officer to whom the information was given. The magistrate may in his or her discretion require that any witness upon whom the applicant relies for information appear personally and be examined concerning such information.

The facts of the case, as they bear on the motion to suppress, are not contested. In the early morning hours of October 13, 1978, district associate Judge John J. Siebenmann was presented with an application for a warrant to search appellant Paschal's apartment in Cedar Rapids. Issuance of the warrant was based upon the sworn affidavit of David H. Knott, a police officer, and his oral testimony. The specific problem in this case arises because, despite the requirement of the statute that the magistrate abstract the evidence relied upon in the issuance of the warrant, the evidence set out in the abstract failed to include all of the facts necessary to establish the reliability of the unidentified informant as required by *Aguilar v. Texas*, 378 U.S. 108, 113–14, 84 S.Ct. 1509, 1513–14, 12 L.Ed.2d 723, 728–29 (1964). The magistrate did, however, refer to a tape recording in his abstract which supplied the necessary evidence. The abstract stated:

I, John F. Siebenmann, hereby certify that in issuing the search warrant in this matter, I relied upon the foregoing sworn testimony of the foregoing applicant(s). In addition, I relied upon the sworn testimony of the persons whose names, addresses, and an abstract of their sworn testimony appears below.

Deputy Knott gave further testimony relating to identity of the house in the application, his survey once within the past 72 hours of same, the reliability of informant by checking through another officer, *and that Detective Knott personally corroborated the information obtained from other sources; testimony of offi-*

cer was tape recorded and same was preserved.

(Emphasis added.)

The appellants contend the warrant was improperly issued because (1) neither the affidavit of the officer nor the issuing judge's abstract set forth facts establishing the reliability of the confidential informant, and the tape-recorded oral testimony of the officer could not be considered; and (2) even if the taped testimony of the requesting officer were properly considered, the information presented to the issuing judge failed to establish probable cause for the search.

█ I. *Use of the tape-recorded testimony.* The district court acknowledged in its order overruling the motion to suppress that neither the sworn information nor the judge's abstract of testimony contained facts as to the time of the informant's observations and facts showing his reliability. Officer Knott's tape-recorded testimony before the issuing judge did, however, supply the missing elements, according to the district court's ruling. On appeal, the appellants urge that under section 808.3 and *State v. Liesche*, 228 N.W.2d 44, 48 (1975), such evidence, being outside the four corners of the sworn application and the issuing judge's abstract, could not be considered in determining probable cause. We note that under section 808.3, probable cause must be based upon "sworn testimony" either in the form of affidavit or oral testimony, or a combination of them. However, it does not address the specific issue of whether recorded testimony before the magistrate may be used to supplement the supporting affidavits or the magistrate's abstract; the appellants contend that, based upon *Liesche*, 228 N.W.2d at 46–49, it may not.

In *Liesche*, the magistrate had taken oral testimony but failed to follow the statutory mandate to endorse the witness' name and address on the search-warrant application and failed to provide an abstract of his sworn testimony. § 751.4, The Code 1973 (now found in substance as section 808.3). Citing the earlier cases of *State v. Spier*, 173 N.W.2d 854, 862 (Iowa 1970), and *State v. Boyd*, 224 N.W.2d 609, 616 (Iowa 1974), we concluded that the endorsement of the names and addresses, and the abstract of testimony, were intended by the legislature to be mandatory. We stated that this procedure "insures the availability of the evidence upon which the finding of probable cause was made, whether by affidavit or oral testimony before the magistrate," *Lische*, 228 N.W.2d at 47, and that its rationale was to (1) assure accurate, meaningful review of the probable cause showing, and (2) provide notice to a defendant of the facts recited against him for purposes of attacking their veracity. *Id.* at 47–48.

In *Liesche*, the justice of the peace "failed utterly to comply with the mandatory endorsement requirement," *id.* at 47; there were no witness affidavits or magistrate's abstract to provide a basis for a meaningful review and notice to the defendant. The State sought to legitimize the issuance of the warrant by presenting evidence at a subsequent suppression hearing as to what had been presented to the justice of the peace at the time the warrant was issued. However, this procedure denied the defendant a timely and adequate notice of the facts relied upon, and denied the reviewing court a meaningful basis upon which to evaluate the probable cause showing. Testimony of the issuing justice of the peace, five months after issuance of the warrant, did not satisfy the requirements of the statute; we held that contemporaneous preservation of the evidence, in the form of affidavit or the magistrate's abstract of testimony, is required. *See id.* at 48.

Relying upon *Liesche*, the appellants argue that regardless of the accuracy or contemporaneity of the preserved evidence, it cannot be considered if not actually set out in the affidavits or magistrate's abstract. This is so, they argue, even if the tape recording established the basis for issuance of the warrant, and the reference to it in the magistrate's abstract gave at least some advance notice of its existence. We believe, however, that this is too narrow a view of *Liesche* and of section 808.3.

*Liesche* must be distinguished on its facts: in that case no contemporaneous record was made in any form; the post-issuance attempt to rehabilitate the record failed to provide either a meaningful basis for review or notice to the defendant. In contrast, the recorded testimony in the present case clearly satisfied the requirements of contemporaneity and accuracy.[1] Moreover, the reference in the magistrate's abstract to the tape was sufficient, albeit minimal, notice to the appellants of the existence of supporting evidence; while the tape itself, which was accessible to the appellants, provided the details of the testimony.

We recognize that a practical view of search-warrant procedures has been advocated:

[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants ... must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

*United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965). While *Ventresca* involved the sufficiency of supporting affidavits rather than of an abstract of testimony, it suggested a generally broad view toward probable cause determinations:

Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or mar-

ginal cases in this area should be largely determined by the preference to be accorded to warrants.

*Id.* at 109, 85 S.Ct. at 746, 13 L.Ed.2d at 689. One court has suggested that the same pragmatic view of probable-cause determinations should apply to the search-warrant rule itself. *United States v. Mendel*, 578 F.2d 668, 672 (7th Cir.), *cert. denied*, 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978).

As we noted in *Liesche*, 228 N.W.2d at 48, Iowa's procedure for warrants is similar to Federal Rule of Criminal Procedure 41(c). *Mendel* involved an interpretation of that rule under facts much like those in the present case. Federal rule 41(c) provides: "A warrant shall issue only on an affidavit or affidavits sworn to before the federal magistrate or state judge and establishing the grounds for issuing the warrant." The district court had sustained a motion to suppress because, instead of reciting within the four corners of the affidavit the facts constituting probable cause, it incorporated by reference an untranscribed tape recording of oral testimony. The Court of Appeals for the Seventh Circuit reversed:

We believe the District Court's reading of the rule was unduly narrow, and that the recording of the sworn statement made before the magistrate was properly incorporated by reference into the affidavit and made a part of it.... The only reason that the procedure employed in the case at bar arguably was not expressly authorized ... is that the test of the affidavit itself, although it described the place to be searched, the articles to be seized, and the crime suspected, did not state any of the facts showing probable cause, except by reference to the tape, and left all those facts to be supplied by the oral statement. The rule's first sentence, which says the "affidavit" must establish "the grounds for issuing the warrant," is heavily relied upon. Yet if some but not all of those facts had appeared in the text of the affidavit and the others only on the tape, there would

---

1. Portions of the tape were inaudible; testimony sufficient to establish reliability of the informant, however, was included in audible portions of the tape.

be no doubt that the rule was complied with.... We think the rule contemplates that in either case the recording, when incorporated by reference, is to be considered a part of the affidavit.

*Mendel,* 578 F.2d at 670–71. The *Mendel* court also concluded that a transcript of the tape need not be physically incorporated into the affidavit because

> [t]hat procedure would require that the issuance of the warrant await the preparation of a transcript of the proceeding and the revision, retyping, resubscribing, and reverification of the affidavit. It is inconceivable that such a time-consuming, cumbersome, and pointless procedure was intended, especially in view of the likelihood that time will be of the essence when a search warrant is being sought.

*Id.* at 671.

Under the same reasoning, the tape-recorded testimony in the present case should be considered as part of the magistrate's abstract of evidence which referred to it. It would obviously be more convenient to have the facts set out in transcript form in the abstract; on the other hand, recorded evidence of what the witness had actually said is qualitatively superior to a mere abstract of that evidence. And, as *Mendel* points out, tape-recorded testimony, even if not transcribed, is often better than an affidavit, which in many cases is prepared by someone other than the witness and which would not provide the advantages of additional questioning by the magistrate. *Id.* at 671–72. Obviously the most desirable procedure, as suggested by the district court in this case, would be to provide both a verbatim record of the testimony, to assure accuracy, and an abstract of the evidence as well. However, the procedure here substantially complied with the procedure of section 808.3, The Code 1977, and we conclude the district court correctly denied the motion to suppress on that ground.

■ II. *Adequacy of probable cause showing.* The appellants argue that even if the record of the issuance proceedings is augmented by the tape recording, it is insufficient to pass muster under *Aguilar v.*

*Texas.* Because the issuance of the warrant here was based upon hearsay evidence by an unidentified informant, safeguards to assure its trustworthiness must be applied. The test of *Aguilar* has been discussed at length in our prior opinions and need not be repeated at length here. *See, e. g., State v. Moehlis,* 250 N.W.2d 42, 45 (Iowa 1977); *State v. Easter,* 241 N.W.2d 885, 887 (Iowa 1976). It is sufficient to say the test, as applied to the facts of this case, requires a showing of underlying circumstances (a) from which the informant concluded the contraband material was on the premises to be searched, and (b) upon which the magistrate could conclude that the informant was reliable. *See Aguilar,* 378 U.S. at 114–15, 84 S.Ct. at 1514, 12 L.Ed.2d at 729.

(a) *The underlying circumstances showing.*

The defects urged under this prong of *Aguilar* are that the factual showing did not establish the informant knew in fact the materials to be seized were controlled substances, the location of the controlled substances within the apartment, how many times they had been seen, or when the informant allegedly saw them. We believe, however, that the facts presented to the magistrate satisfied this first prong. As to the identification of the substances observed, Officer Knott, who stated in his affidavit that he was assigned to a narcotics unit in Cedar Rapids and had had experience in the area of controlled substances, identified part of it as marijuana. The informant further had told him he had seen marijuana, "speed," and LSD on the premises. This identification of the controlled substances to be seized was sufficient. *See United States v. Shipstead,* 433 F.2d 368, 372 (9th Cir. 1970) ("[t]he suggestion that a search warrant affidavit must allege how the informant knew the drug was methamphetamine is hypercritical....") To hold otherwise would ignore the recommendation of *Ventresca,* discussed in Division I, to test the sufficiency of affidavits in a "common sense and realistic fashion." *Id.* Viewing Officer Knott's affidavit in that

manner, we similarly conclude the description of the location was sufficient; it was not necessary to provide details as to locations within the apartment; reference to the apartment itself, was sufficient.

The appellants also contend the affidavit did not give any detail as to when the observations were made by the informant; and, were it not for the resolution against them of the issue in Division I, they would carry the day on this ground. While frequency of observation would obviously affect the weight given to the information, a rule attempting to establish a specific minimum would be illogical and overly restrictive in light of *Ventresca*. Obviously, the possibility of staleness in the informant's observations would vitiate the showing of underlying facts and circumstances required by *Aguilar*; the tape-recorded testimony of Officer Knott, however, established that the informant had made his observations within the preceding forty-eight hours.

Viewing the evidence presented to the magistrate in its totality, we conclude the showing of underlying circumstances satisfied the first prong of *Aguilar*.

(b) *Showing of the informant's reliability.*

The appellants contend the second prong of *Aguilar* was not satisfied because the informant (1) had not previously given information to law enforcement officers, so his reliability could not be established by past performance, and (2) was charged with a felony involving dishonesty at the time he gave the information, and this information was not presented to the magistrate. Thus, they argue, the magistrate was not "advised as to sufficiently detailed underlying facts and circumstances" necessary to establish his reliability.

Although the underlying facts submitted could have been more detailed, that would be true of virtually every search-warrant record. As to the objection that the informant had no "track record" as an informant, we hold that this is not itself a prerequisite to establishing an informant's reli-

ability. There has to be a first time for every informant, and in any event the tape-recorded testimony established facts tending to establish his reliability: some of the information was verified through another informant; Officer Knott had checked his information for approximately four weeks; another informant had given similar information to another officer; the informants did not know each other; and the other officer had told Officer Knott that his informant was reliable. *See People v. Clark*, 175 Colo. 446, 449, 488 P.2d 565, 567 (1971).

While the failure to advise the magistrate of pending felony charges against the informant deprived the magistrate of some of the underlying facts affecting the informant's reliability, we cannot say that, when viewed with all of the other circumstances, this factor was sufficient to vitiate the proceeding, especially in view of *Ventresca's* common-sense principles. The reliability of the informant was adequately established under the second segment of the *Aguilar* test.

We find no error in the district court's judgment.

AFFIRMED.

All Justices concur except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

The question addressed in division I is not what an ideal statute governing search warrant applications should permit but, rather, what our statute in fact requires. Insofar as material here, section 808.3 expressly requires the magistrate to endorse on the application "the abstract of each witness' testimony, or his or her affidavit." The problem here is that the magistrate's abstract was inadequate unless its reference to a contemporaneous tape recording of the witness' testimony was sufficient to make the contents of the recording part of the abstract.

The problem is not answered by analogy to the requirements of Fed.R.Crim.P. 41(c) which were involved in *United States v.*

*Mandel,* 578 F.2d 668 (7th Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978). The federal rule had no provision for abstracting, but it contained a provision specifically dealing with the manner of recording oral testimony. It provided "that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit." *See* Fed.R. Crim.P. 41(c) (1972). The decision in *Mendel* is based on a holding that this provision authorized an untranscribed recording to be incorporated by reference in an affidavit. *See* 578 F.2d at 671. No such provision exists in section 808.3.

I would rest the decision in division I on the principle of substantial compliance. "[A] thing which is within the intention of the lawmakers is as much within the statute as if it were within the letter. . . ." *Sinclair Refining Co. v. Burch,* 235 Iowa 594, 596, 16 N.W.2d 359, 361 (1945). Certainly the procedure employed here was within the legislative purpose.

Nevertheless, this problem and other problems in the future could be avoided if section 808.3 were amended to bring it into substantial conformity with Fed.R.Crim.P. 41(c) in its present form. The federal rule includes an amendment which was not applicable in *Mendel.* In its present form it assures the existence of a record on which the sufficiency of probable cause can be later assessed, but it also provides desirable flexibility concerning the manner in which the record is made and the warrant is issued.