**UNITED STATES of America,**
**Appellee,**

v.

**John Allen GEARHART, Appellant.**

**No. 8870.**

United States Court of Appeals
Fourth Circuit.

Argued Sept. 25, 1963.

Decided Jan. 9, 1964.

Jackson L. Kiser, Martinsville, Va., for appellant.

Thomas B. Mason, U. S. Atty., for appellee.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and NORTHROP, District Judge.

SOBELOFF, Chief Judge:

John Allen Gearhart was convicted by a jury on two counts of interstate transportation of fraudulent money orders and one count of interstate transportation of forgery tools.[1] He claims in this appeal that the search of his automobile and its contents violated the Fourth Amendment to the Constitution of the United States because the underlying search warrant upon which the officers relied was invalid on its face. His contention is that, the Government having relied at the trial upon a search warrant which it now concedes to have been defective, the search

1. 18 U.S.C.A. § 2314.

may not be held valid as incidental to a lawful arrest.

In a pretrial hearing upon defendant's motion to suppress evidence obtained in the search, testimony of the arresting officer and an identifying witness established the following facts which the defendant does not now contest. A man, later positively identified as the defendant, entered the First National Bank at Narrows, Virginia, on September 26, 1962, and presented for payment a money order in the name of one G. E. Fuller. The teller, upon noticing that this name corresponded to a pseudonym recently mentioned in a bank bulletin, asked the defendant to present evidence of his personal identity which, she stated, would, together with the money order, be submitted to a bank officer for approval. The defendant then replied that he would prefer to cash the money order elsewhere. After noting the instrument's identifying numbers, the teller returned it to the defendant, who immediately departed. The teller then related these events to bank officials, who communicated the details and a description of the man to the local Sheriff whose office is in nearby Pearisburg, Virginia. Accompanied by an agent of the Federal Bureau of Investigation, the Sheriff came to Narrows to investigate.

In the meantime the radio dispatcher in the Sheriff's office received information that a man fitting the suspect's description was attempting to cash a money order at the Giles County Bank across the street from the Sheriff's office. Two agents of the Virginia Alcohol Beverage Control Board, present in the Sheriff's office at the time this word was received, went to the bank and observed a man of defendant's description as he left the bank and entered an automobile. The make and model of the car and its license plates were noted by the agents and the information was given to the dispatcher. Shortly thereafter this same car was sighted by the Sheriff on a highway near Pearisburg. He overtook the car, talked briefly with the defendant, satisfied himself that the driver was the same person who had been the subject of the radio broadcast, and asked the defendant to accompany him to his office. The defendant readily agreed.

When they reached the Sheriff's office, the defendant was positively identified by both the Narrows bank teller and the state agents. A warrant of arrest was obtained. Notwithstanding defendant's assurances that he had no objection to a search of his automobile, the officers obtained two search warrants, one for the car and the other for its contents. The search which followed is now under attack.

The defendant asserts that the warrants are defective because the supporting affidavits recite merely that the affiant's belief is based "on information" without disclosing facts upon which the issuing magistrate could make an independent determination of probable cause as required by Rule 41(c), Fed.R.Crim.P. The United States Attorney concedes the point, but maintains that the search may be otherwise justified, either as one incidental to a lawful arrest or as one made with the defendant's consent. To this the defendant's rejoinder is that, the Government having relied at the time of the search upon invalid warrants, it may not now rely upon any other ground to validate the search.

As authority for his contention the defendant cites Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931), but we do not think the case is in point. There federal agents entered a place of business, having in their possession an invalid arrest warrant and, under the false pretense that they were acting under a search warrant, which in fact they did not have, and with the threat of force, made a general, exploratory search of the premises. The Court, assuming the arrest to be lawful in spite of the invalid arrest warrant, reviewed the facts surrounding the search and held it unreasonable. Nothing in that case indicates, however, that misconceived reliance by officers upon an unnecessary warrant, which later is

found invalid, precludes independent justification of an arrest or search.

▇▇▇ Once this single argument of the defendant, based upon a misinterpretation of Go-Bart, is removed there is every reason to validate the search in the present case as incidental to a lawful arrest.[2] The Sheriff had information as to the suspect's physical characteristics, the make and the license number of the automobile he was driving; he had the report of the episode at the first bank, the reliability of which there was no reason for him to doubt; and in addition there was the corroboration arising from the Sheriff's own observation of the appearance of the driver he encountered on the highway and the license number of the automobile he was driving. This constituted proper, indeed compelling, reason to stop and question the defendant.[3] After the defendant voluntarily accompanied the Sheriff to his office and the bank teller identified the defendant, an arrest was in order, for in the aggregate, the Sheriff had "reasonable grounds to believe * * * that a crime has been committed"[4] by the defendant. Such an arrest without a warrant could probably have taken place on the highway even before the direct accusation by the teller.

Even after the teller identified the defendant in the Sheriff's office, no arrest was made immediately but, out of an abundance of caution, a warrant of arrest was sworn out. The actual arrest did not occur until after the arrest warrant was obtained. Until that moment there was no restraint or noticeable restriction of defendant's movements.[5] When the arrest was actually made in the Sheriff's office, an incidental search of the defendant's person, his automobile and its contents, was legally permissible without a search warrant.[6]

▇▇▇ The mere fact that the officers delayed momentarily while search warrants were sought and obtained, and these failed to comply with legal requirements, does not vitiate the search which actually required no search warrant for its validity.[7] The officers in this instance underestimated their legal authority, and while they were mistaken in their opinion as to the applicable law, their conduct was entirely lawful. The warrants did not enlarge the officers' authority nor did they diminish it; they did not lessen the defendant's rights, and we perceive no reason for saying that they expanded his immunities. The present case is analogous to Marron v. United States, 275

2. See United States v. Rabinowitz, 339 U.S. 56, 65, 70 S.Ct. 430, 94 L.Ed. 653 (1950).
   The Government also says that the search was consented to by the defendant. As there is some uncertainty about the quality of the consent and the circumstances surrounding it, we prefer not to rely upon consent.

3. Cf. Jones v. United States, 362 U.S. 257, 269, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Draper v. United States, 358 U.S. 307, 311–312, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States v. Sutton, 321 F. 2d 221, 223 (4th Cir. 1963); United States v. Wai Lau, 215 F.Supp. 684 (S.D.N.Y. 1963).

4. Va.Code Ann. 19.1–100 (1960). It is well settled that, absent an applicable federal statute, the validity of an arrest is determined by the law of the state in which it occurs. Miller v. United States, 357 U.S. 301, 305, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958); United States

v. DiRe, 332 U.S. 581, 589, 68 S.Ct. 222, 92 L.Ed. 210 (1948); United States v. Williams, 314 F.2d 795, 798 (6th Cir. 1963); Collins v. United States, 289 F.2d 129, 130–131 (5th Cir. 1961). Cf. Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

5. See Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); United States v. Viale, 312 F.2d 595, 601 (2d Cir. 1963). Compare Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L. Ed.2d 1688 (1960).

6. See Ker v. California, 374 U.S. 23, 41, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Abel v. United States, 362 U.S. 217, 235, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960).

7. See Hagans v. United States, 315 F.2d 67, 69 (5th Cir. 1963); Willis v. United States, 271 F.2d 477, 479 (D.C.Cir.1959); United States v. Jones, 204 F.2d 745 (7th Cir. 1953). But see Giordenello v. United States, 357 U.S. 480, 487–488, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1956).

U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), where a search was validated as incident to a lawful arrest although the Court found the search warrant defective.

Affirmed.