STATE of Iowa, Appellant,

v.

Joseph Robert THORNTON, Appellee.

No. 64011.

Supreme Court of Iowa.

Jan. 14, 1981.

Rehearing Denied Feb. 17, 1981.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Jon Heitland, Hardin County Atty., for appellant.

Allan M. Oppen, Iowa Falls, for appellee.

Considered by UHLENHOPP, P. J., HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

The State has been granted discretionary review in this case to challenge the rulings of the district court on the defendant's motion to suppress statements and physical evidence obtained incident to his arrest. The district court ruled that the arrest was illegal because the arrest warrant had not been issued in compliance with section 804.-1, The Code 1979. It also ruled the arrest could not be validated on the basis that the officers had grounds to make a warrantless arrest. We agree with the district court as to the invalidity of the arrest warrant but disagree with its additional ruling that the arrest could not be validated as a warrantless arrest.

The underlying facts are not disputed. The Iowa Falls police chief sought the issuance of an arrest warrant by a magistrate, pursuant to section 804.1. For this purpose, a complaint was presented; however, while it recited the statutory violation charged, it did not state any underlying facts to establish probable cause, and no affidavit containing such facts was furnished. The only factual showing on probable cause was made by oral testimony of the

police chief and his informant before the magistrate. This testimony was tape recorded. A warrant was issued and the defendant was arrested by another officer, apparently by order of the chief.

The defendant filed a motion to suppress certain fruits of the arrest in the form of statements and physical evidence. The district court found that although probable cause existed for the arrest, such finding was not supported by the complaint or written affidavits as provided in section 804.1, and the arrest warrant was therefore invalid. The evidence obtained as a result of the arrest was suppressed.

The State filed a motion to reconsider, contending that even if the warrant were defective, the arrest was valid as a warrantless arrest based upon probable cause. *See* § 804.7, The Code 1979. Even though the arresting officer had no independent knowledge of the facts establishing probable cause, it argued, the arrest was nonetheless valid since the police chief had the information to establish probable cause, and he had, in effect, merely delegated the authority to arrest to another officer. In overruling the motion to reconsider, the district court found that the arresting officer was acting pursuant to an invalid arrest warrant and that he had no independent knowledge of the facts establishing probable cause upon which to base a warrantless arrest. Therefore the arrest was not legal under either of the State's theories, according to its ruling.

■ The legality of the arrest here is of more than academic concern because an illegal arrest will generally require suppression of any evidence seized pursuant to the arrest. *See Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145 (1964); *Giordenello v. United States*, 357 U.S. 480, 483, 78 S.Ct. 1245, 1248, 2 L.Ed.2d 1503, 1508 (1958).

I. *Validity of the arrest warrant.*

■ Section 804.1 provides in part:

A criminal proceeding may be commenced by the filing of a complaint before a magistrate. When such complaint is made ... *and it appears from the complaint or from affidavits filed with it that there is probable cause to believe an offense has been committed* and a designated person committed it, the magistrate shall ... issue a warrant for the arrest of such person. (emphasis added.)

The State contends the emphasized provision in the statute reflects the legislature's intent to expedite procedure by allowing an officer to submit to a magistrate an affidavit rather than be physically present to testify under oath. Either procedure, it argues, is sufficient under section 804.1. The defendant, however, argues that the failure of the magistrate to base the probable cause determination on a written complaint or affidavit was fatal to the warrant.

The theory of the State is that the purpose of the "complaint or affidavit" requirement is served whenever an accused is afforded some record of the arrest warrant proceeding with which he may attack the warrant. *Cf. State v. Boyd*, 224 N.W.2d 609, 616 (Iowa 1974) (recordation procedure of probable cause determination in issuing search warrant designed to insure availability of the evidence for the defendant); *State v. Spier*, 173 N.W.2d 854, 862 (Iowa 1970) (search warrant recordation procedure "undoubtedly permit[s] a more accurate and meaningful judicial review of the 'probable cause' showing upon which a warrant issuing magistrate acted"). Moreover, the State argues, sworn, oral testimony, which is recorded and preserved, is preferred over a written record because a magistrate is free to question the testifying witnesses. In any event, the State concludes, the taping of the proceeding, while perhaps not conforming to the letter of the statute, at least came within its spirit.

While its statutory predecessors did not expressly require a finding of probable cause, *see* §§ 754.1, .3, The Code 1977, it is clear the present section 804.1 does. Our present section is very similar to Federal Rule of Criminal Procedure 4, which was addressed in *Giordenello* and provides in part:

If it appears from the complaint that there is probable cause to believe that an

offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. . . .
Fed.R.Crim.P. 4(a).

Decisions interpreting the federal rule indicate that the factual basis for a probable-cause finding must appear on the face of the complaint or supporting affidavit. *See Giordenello v. United States,* 357 U.S. at 487, 78 S.Ct. at 1250, 2 L.Ed.2d at 1510 ("issue of probable cause . . . [must] be determined . . . and an adequate basis for such a finding . . . [must] appear on the face of the complaint"); *United States v. Roth,* 391 F.2d 507, 509 (7th Cir. 1968).

It is true that this case is distinguishable from the cases interpreting federal rule 4(a) in that the supporting oral testimony was tape-recorded and thus accurately preserved for review. We held in *State v. Paschal,* 300 N.W.2d 115, 119 (Iowa 1981), that recorded oral testimony could be considered as part of the factual basis for issuance of a *search* warrant under section 808.3, The Code 1977. The *Paschal* case, however, must be distinguished upon two important bases: (1) section 808.3 itself provides for oral testimony to be taken by the magistrate, while section 804.1 does not; and (2) the tape-recorded evidence in *Paschal* was referred to in the magistrate's abstract, which in effect made it a part of the affidavit. *See United States v. Mendel,* 578 F.2d 668, 670–71 (7th Cir.), *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978).

We conclude that the requirement of section 804.1 is clear: the probable cause finding for issuance of an arrest warrant must be based upon the complaint or accompanying affidavits. The finding here, based upon extrinsic evidence, did not comport with the statute, and the district court was correct in so ruling.

II. *Underlying probable cause as basis for warrantless arrest.*

■ The State argues that, even assuming the arrest warrant was invalid, the arrest was valid because the investigating officer had probable cause to make a warrantless arrest; the defendant counters that, because the officers relied upon an invalid warrant, they cannot later legitimatize the arrest by saying no warrant was necessary. While the defendant's argument might have some basis in logic, and was accepted by the district court, it is clearly not the prevailing view. In *United States v. Wilson,* 451 F.2d 209, 214–15 (5th Cir. 1971), *cert. denied, Fairman v. United States,* 405 U.S. 1032, 92 S.Ct. 1298, 31 L.Ed.2d 490 (1972), a similar issue was presented. An arrest warrant was concededly invalid, but the court held that a search incident to the arrest was legal because probable cause for a warrantless search existed: "[a] search incident to an arrest valid on one ground is not an illegal search merely because the arrest would be invalid if supported only by the faulty warrant." *Id.* at 15. *Accord, Rocha v. United States,* 387 F.2d 1019, 1022 (9th Cir. 1967), *cert. denied,* 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968) (by proceeding under an invalid warrant, the officers had not "elected" to proceed on basis of warrant alone; underlying probable cause sufficient for warrantless arrest); *United States v. Gearhart,* 326 F.2d 412, 413 (4th Cir. 1964) ("misconceived reliance by officers upon an unnecessary warrant which is later found invalid" did not vitiate arrest sustainable on underlying probable cause). As observed by the court in *Gearhart,* "[t]he [arrest] warrants did not enlarge the officers' authority nor did they diminish it; they did not lessen the defendant's rights, and we perceive no reason for saying that they expanded his immunities." 326 F.2d at 414.

In sustaining a defendant's warrantless arrest, the court in *Bell v. United States,* 371 F.2d 35, 37 (9th Cir.), *cert. denied,* 386 U.S. 1040, 87 S.Ct. 1498, 18 L.Ed.2d 608 (1967) said:

[T]he [defendant] urges that since the agent had what he thought was a valid warrant and purported to act upon it, the Government cannot fall back upon the justification that the agent did not need a warrant at all and that therefore the validity or invalidity of the warrant is

irrelevant. The [defendant's] counsel has not cited any decision to the effect that the invalidity of an arrest warrant nullifies the right ... to arrest without a warrant if the requirements of that [warrantless arrest] statute are present.

*Accord, Dearinger v. United States,* 378 F.2d 346, 347 (9th Cir.), *cert. denied,* 389 U.S. 885, 88 S.Ct. 156, 19 L.Ed.2d 183, *cert. denied,* 396 U.S. 1030, 90 S.Ct. 603, 24 L.Ed.2d 525, *reh. denied,* 397 U.S. 1004, 90 S.Ct. 1132, 25 L.Ed.2d 417 (1967); *United States v. Hall,* 348 F.2d 837, 841 (2d Cir.), *cert. denied,* 382 U.S. 947, 86 S.Ct. 408, 15 L.Ed.2d 355 (1965); *United States v. White,* 342 F.2d 379, 381 (4th Cir. 1965) ("fact that the authorities apparently relied upon an invalid arrest warrant would not invalidate the arrest and the search and seizures which took place as incidents thereof if the officers had adequate knowledge independent of the warrant to constitute probable cause"); *Hagans v. United States,* 315 F.2d 67, 69 (5th Cir.), *cert. denied,* 375 U.S. 826, 84 S.Ct. 68, 11 L.Ed.2d 58 (1963).

Similarly, the Supreme Court has observed that despite the illegality of the warrant, "[t]his is not to say ... that in the event of a new trial the Government may not seek to justify petitioner's arrest without relying on the warrant." *Giordenello v. United States,* 357 U.S. at 488, 78 S.Ct. at 1251, 2 L.Ed.2d at 1511.

The district court erred in ruling that the arrest was invalid notwithstanding the existence of underlying probable cause.

III. *Arrest by officer lacking personal knowledge of underlying circumstances.*

As previously noted, the police chief made the application for the arrest warrant. However, the actual arrest was made by another officer, presumably upon direction of the police chief. The State argues that since the police chief—the officer who gave his sworn oral statement to the magistrate—presented sufficient facts upon which to base a probable-cause finding, he could have arrested the defendant without a warrant under section 804.7; and, if the police chief had the authority to make such an arrest, that authority could be "delegated" to another officer.

The district court, in its ruling, acknowledged the general rule that when officers act in concert, their common knowledge may be considered in determining probable cause. *See, e. g., United States v. Agostino,* 608 F.2d 1035, 1037 (5th Cir. 1979) ("where there is at least minimal communication between different officers, we look to the 'collective knowledge' of the officers in determining probable cause"); *United States v. Nieto,* 510 F.2d 1118, 1120 (5th Cir.), *cert. denied,* 423 U.S. 854, 96 S.Ct. 101, 46 L.Ed.2d 78 (1975) (probable cause rests upon collective knowledge, when there is some degree of communication between officers). However, the district court concluded the general rule was inapplicable because, while the police chief had probable cause, "[t]he arresting officers had no knowledge of the facts and were acting pursuant to the directions of the illegal arrest warrant." The rationale of the ruling apparently was that this was not an arrest based upon collective knowledge of the officers but upon the direction of an invalid warrant.

We conclude that this is an unduly restrictive view of the collective knowledge principle. *See United States v. Bernard,* 623 F.2d 551, 561 (9th Cir. 1979) (while on occasion specific underlying information is relayed to the arresting officer, "[w]e do not find ... that this is required, particularly where as here, the agents were working in close concert"); *United States v. Stratton,* 453 F.2d 36, 37 (8th Cir.), *cert. denied,* 405 U.S. 1069, 92 S.Ct. 1515, 31 L.Ed.2d 800 (1972) (arresting officer himself need not possess all of the available information). In the related area of searches, when a superior officer orders another to make an arrest, it is proper to consider the superior's knowledge in determining whether there was probable cause. *See United States v. Laughman,* 618 F.2d 1067, 1072–73 (4th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 3018, 65 L.Ed.2d 1117, (1980) ("[I]f the knowledge possessed by [an officer in charge of investigation] was sufficient to establish probable cause, it is inconsequential that [the searching officers] may not

have been totally aware of that knowledge. Accordingly, we should examine the situation as it appeared to [the first officer].")

We hold that the court erred in concluding that the arresting officer could not effect a valid warrantless arrest if, in fact, the police chief who ordered the arrest possessed sufficient knowledge of the underlying circumstances to effect a warrantless arrest himself.

In its ruling on the motion to suppress, the district court concluded there was probable cause shown for issuance of a warrant. We conclude that, on the same record, there was sufficient probable cause for a warrantless arrest and that it was properly made by the officer here. The evidence obtained as incident to the arrest should therefore not have been suppressed.

We cannot determine, from the record before us, whether the warrantless arrest and incidental search would be proscribed by *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (search following warrantless entry of dwelling to effect arrest illegal in absence of exigent circumstances). On remand, an opportunity should be granted to develop the record in respect to the impact, if any, of *Payton. See also State v. Jones*, 274 N.W.2d 273, 275 (Iowa 1979).

The case is reversed as to the district court's rulings on the validity of the arrest and remanded for further proceedings.

REVERSED AND REMANDED.