STATE of Iowa, Appellee,

v.

Michael Alan SCHUBERT, Appellant.

No. 69065.

Supreme Court of Iowa.

March 14, 1984.

Charles L. Harrington, Appellate Defender, and Fern S. Shupeck, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Steven M. Foritano, Asst. Atty. Gen., and Stephen J. Petersen, County Atty., for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

McGIVERIN, Justice.

Defendant Michael Alan Schubert appeals from his conviction in a bench trial for possession of a firearm as a felon in violation of Iowa Code section 724.26 (1981). He contends: 1) that the investigatory stop of a van in which he was riding was constitutionally impermissible and that evidence obtained as a result of the stop and search of the van should have been suppressed; and 2) that statements made by him while in custody were obtained in violation of his Miranda rights and should have been suppressed. We affirm.

On November 28, 1981, defendant, a convicted felon, was a passenger in a red Chevrolet van which stopped at a gas station on Interstate 80 north of West Liberty. During a conversation with the attendant, defendant indicated he had been hunting and made statements which the attendant interpreted as a threat to physically harm a Mexican-American named "Junior," believed by defendant to be in West Liberty. Schubert said he planned to kill or get even with Junior for having previously stabbed him. Defendant showed the attendant a knife and said, "Well, if the knife doesn't get him, this will." He then opened up his coat and showed the attendant an empty gun shoulder holster. He also asked the attendant to delay a peace officer who might come by on patrol while he sought Junior.

The attendant called West Liberty police officer Bayers with that information. A description of the van was broadcast by radio stating that one of the occupants, possibly armed, had allegedly threatened the safety of a person in West Liberty.

The van was stopped south of West Liberty by officer Bayers and Iowa Highway Patrol Troopers Merritt and Graham, who responded to the radio call. The occupants were asked to alight from the van. By looking into the van, an officer observed an uncased rifle between the front seats. This observation led to a search of the van. Several other firearms were discovered. While in custody, defendant admitted ownership of one cased and loaded .22 caliber rifle, an uncased and loaded .38 caliber revolver and a 7 millimeter rifle, all of which were found in the search of the van.

Schubert was charged with possession of a firearm as a felon in violation of section 724.26. He filed a motion to suppress the firearms found in the van and his custodial statements. The motion alleged the *stop* was illegal.

An evidentiary hearing was held. After submission of the motion, defendant in a brief contended his statements to the police as to ownership of the firearms should be suppressed because he was not given warning of his Miranda rights before making the statements.

The court overruled the motion to suppress as to the firearms and declined to rule on the Miranda issue because the court concluded the issue had not been timely raised and the record at the hearing was inadequate to form the basis of a ruling.

The case then proceeded to trial before the court after defendant waived his right to a jury trial. The parties stipulated into the trial record the transcript of the suppression hearing, the minutes of evidence of proposed State witnesses that were filed with the trial information, and the firearms and ammunition and shoulder holster found in the search of the van.

After conviction and sentence on the charge in the information, defendant appealed.

I. *Legality of investigatory stop.* Defendant contends the investigatory stop of the vehicle in which he was riding was impermissible under U.S. Const. Amend. IV which requires reasonable cause to stop a vehicle for investigatory purposes. *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968); *State v. Lamp,* 322 N.W.2d 48, 51 (Iowa 1982); *State v. Cooley,* 229 N.W.2d 755, 759 (Iowa 1975).

> When a stop is challenged on the basis that reasonable cause did not exist, the State must show that the stopping officer had "specific and articulable cause to support a *reasonable belief* that criminal activity *may* have occurred."

*Lamp,* 322 N.W.2d at 51 (emphasis in original).

The State assumes, without conceding, that defendant, as a passenger in the stopped vehicle, had standing to challenge the legality of the stop. We also will assume, without deciding, that defendant had such standing.

Because defendant claims he was deprived of a constitutional right, our review is de novo which permits an independent evaluation of the totality of the circumstances as shown by the entire record. *State v. Hatter,* 342 N.W.2d 851, 854 (Iowa 1983).

■ From such a review of the record, we conclude the evidence which gave rise to the police broadcast as to the van and its occupant was sufficient to support a reasonable belief that criminal activity *may* have occurred, such as going armed with

intent in violation of Iowa Code section 708.8.

We have stated:

> When a crime has been committed it is constitutionally permissible for law enforcement officials to stop a vehicle matching the description of that used by the assailant, in an area reasonably close in proximity to the place where the crime occurred, and request germane information, such as identification, destination, and reason for being in the area.

*Lamp,* 322 N.W.2d at 51.

■ Officer Bayers did not testify at the suppression hearing. Defendant asserts that Trooper Merritt, who did testify at the suppression hearing, could not have *personally* known of the alleged criminal activity. Therefore, defendant says the State failed to carry its burden to show the stopping officer had reasonable cause to make the stop. However, "where law enforcement authorities are cooperating in an investigation, . . . the knowledge of one is presumed shared by all." *Illinois v. Andreas,* —— U.S. ——, ——, 103 S.Ct. 3319, 3324, 77 L.Ed.2d 1003, 1010 (note 5) (1983). *Accord State v. Thornton,* 300 N.W.2d 94, 97–98 (Iowa 1981). Thus, there is no merit to defendant's assertion.

Clearly, the police officers had specific and articulable cause to believe that criminal activity was afoot. The van matched the broadcast description and was stopped just south of West Liberty. The investigatory stop did not violate Schubert's fourth amendment rights.

Defendant concedes in his brief that if the stop of the van was legal, then the "plain view" exception to the search warrant requirement under the fourth amendment could be properly applied to the officers' view of the uncased rifle in the van. *State v. Donnell,* 239 N.W.2d 575, 577 (Iowa 1976). He further concedes that the subsequent warrantless search of the van that revealed the firearms could not be attacked on constitutional grounds. *See State v. Dixon,* 241 N.W.2d 21, 24 (Iowa 1976).

Because defendant challenges only the legality of the investigatory stop, and we find no merit in the challenge, no error exists in this assignment.

II. *Legality of custodial statements.* Schubert contends that his statement to the police at the West Liberty police station after he was arrested should have been suppressed because it was made before he had been advised of his right against self incrimination as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In the statement, defendant admitted ownership of three firearms found in the search of the van. The possession and transportation of those firearms formed the basis of the charge against him.

The trial court declined to rule on defendant's claim on the ground it had not been timely made. We need not pass on the timeliness issue because we conclude that defendant's contention fails on its merits under this record.

In determining whether the court erred in overruling a motion to suppress, we may consider, in order to uphold a district court's ruling, not only the evidence in the hearing on the motion to suppress but also the later trial evidence. *State v. Donnell*, 239 N.W.2d at 577–78.

Here the trial evidence contained not only the suppression hearing evidence but by stipulation the minutes of testimony of the State's witnesses that accompanied the trial information. Those minutes show that defendant was advised of his rights by the police officers at the arrest scene where the van was stopped. He was then transported to the West Liberty police station where he was readvised of his Miranda rights. Thereafter, in statements to the police, he acknowledged ownership of the three firearms found in the search of the van.

Upon our de novo review of the entire evidentiary record, we find that defendant was advised of his Miranda rights before making the inculpatory statements to the authorities. There is no merit to defend-

ant's contention to the contrary. The statements were not subject to suppression on the basis he urges.

We have considered all of defendant's arguments, even though we may not have addressed each one specifically. We conclude the trial court committed no reversible error.

The case is affirmed.

AFFIRMED.