STATE of Iowa, Plaintiff-Appellee,

v.

Michael W. RILEY,
Defendant-Appellant.

No. 84–1126.

Court of Appeals of Iowa.

Aug. 29, 1985.

Gary K. Anderson of Anderson & Wheeler, Council Bluffs, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Roxanne Ryan, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

SCHLEGEL, Judge.

Defendant Michael Riley appeals his conviction of OWI in violation of Iowa Code section 321.281 (1983). He contends the trial court erred by overruling his motion to suppress evidence obtained when he was stopped and arrested after going by a police roadblock. He argues that the roadblock procedure violated the fourth amendment of the United States constitution and article 1, section 8 of the Iowa Constitution because it permitted vehicle stops without probable cause or reasonable and articulable suspicion. We affirm.

On the evenings of November 4 and 5, 1983, the State Highway Patrol and Council Bluffs police set up a roadblock on the South Omaha Bridge Road near the border. The roadblocks were operated on Friday and Saturday nights from 10:00 p.m. to approximately 2:00 a.m. the next morning. Riley was stopped after he went by the roadblock. His license was checked and he was given two breath tests. On the basis of the breath tests he was arrested for OWI.

Riley and several other people arrested as a result of the roadblock filed a suppression motion. After a hearing the district court overruled the motion. Riley was convicted and has appealed that conviction.

I. *Scope of Review.* Because Riley claims he was deprived of a constitutional

right, our review of this case is de novo. *State v. Schubert*, 346 N.W.2d 30, 32 (Iowa 1984). We independently review the totality of circumstances shown by the entire record. *Id.*

The main issue in this case is whether the roadblock complied with the criteria set out in *State v. Hilleshiem*, 291 N.W.2d 314 (Iowa 1980) (en banc). The Iowa Supreme Court in *Hilleshiem* stated:

Where there is no consent, probable cause, or *Terry*-type reasonable and articulable suspicion, a vehicle stop may be made only where there minimally exists (1) a checkpoint or roadblock location selected for its safety and visibility to oncoming motorists; (2) adequate advance warning signs, illuminated at night, timely informing approaching motorists of the nature of the impending instrusion; (3) uniformed officers and official vehicles in sufficient quantity and viability to "show ... the police power of the community;" and (4) a predetermination by policy-making administrative officers of the roadblock location, time, and procedures to be employed, pursuant to carefully formulated standards and neutral criteria.

*Id.* at 318. We cannot agree with Riley's argument that the statement in *Hilleshiem* was dictum and does not bind us. The supreme court introduced it as a distillation from cases dealing with the fourth amendment, most of them decided by the Supreme Court of the United States. The statement in *Hilleshiem* constitutes the Iowa Supreme Court's interpretation of the requirements of the fourth amendment, and is not dictum.

Of the four requirements listed in *Hilleshiem*, only the fourth is in dispute. It is clear from the record that the first three requirements had been met.

After examining the record de novo, we conclude that the fourth requirement was also complied with in this case. The decision to set up the roadblock was made in advance by the Highway Patrol Post Commander Mike Scheibeler and approved by his supervisors in the state office. The roadblock location and time was determined in advance by Sergeant Calvin Clark, the Assistant Post Commander. The fact that he selected a location different than the one originally planned is not material when he made the change for safety reasons and the site selected was similar to the original site.

It is also clear from the record that the planned roadblock was to operate by stopping all vehicles headed east, and checking the license and vehicle registration of all drivers. The drivers were also supposed to be watched for signs of intoxication, and safety checks were to be performed. We do not find that the procedures were discriminatory or nonneutral in any way.

■ Riley argues that the roadblock's primary purpose was to catch drunk drivers, and that it was therefore unconstitutional. We must reject that argument. The four requirements set out in *Hilleshiem*, 291 N.W.2d at 318, do not specifically refer to motivation. However, motivation is important in balancing interests to determine whether a search is constitutional. *See id* at 317. If anything, the government's interest in controlling drunk driving is greater than the state's interest in preventing drivers with no license or an expired license from driving. *Cf. South Dakota v. Neville*, 459 U.S. 553, 558, 103 S.Ct. 916, 920, 74 L.Ed.2d 748, 755 (1983) (referring to the "carnage" caused by drunk drivers). Since the United States Supreme Court indicated that a state has a legitimate interest in licensing only qualified drivers and in otherwise ensuring the safety of vehicles, *Delaware v. Prouse*, 440 U.S. 648, 658–59, 99 S.Ct. 1391, 1398–99, 59 L.Ed.2d 660, 670–71 (1979), we cannot hold that a state interest of equal or greater importance is illegitimate and makes an otherwise valid roadblock unconstitutional.

■ In support of the suppression motion, evidence was introduced to show that not all vehicles were submitted to a safety check. Even if we accepted such evidence as true, it does not affect Riley's constitu-

tional claim. He was arrested for OWI, not a safety violation, and there is no evidence that the officers operating the roadblock failed to check any drivers for intoxication. Thus, no discretion was exercised by the officers at the roadblock in a manner that affected Riley's constitutional rights. *See Hilleshiem,* 291 N.W.2d at 318 (emphasis of *Prouse* was on "rules to govern the exercise of a law officers' discretion.").

Because all four requirements set out in *Hilleshiem* were met in this case, the roadblock did not violate the fourth amendment of the United States Constitution. Riley argues that the roadblock violates article I, section 8, of the Iowa Constitution. He has failed, however, to present any arguments or cite any authority showing why the Iowa constitutional protection against search and seizure should be construed differently than the fourth amendment. We thus deem the argument waived. *See* Iowa R.App.P. 14(a)(3).

The roadblock did not violate the fourth amendment. The trial court order overruling the suppression motion was not error.

AFFIRMED.