**STATE of Iowa, Plaintiff-Appellee,**

v.

**Michael Alonzo NICHOLSON,
Defendant-Appellant.**

No. 85–1634.

Court of Appeals of Iowa.

Jan. 28, 1987.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Phillip S. Krejci, Marshall Co. Atty., for plaintiff-appellee.

SNELL, Judge.

On February 9, 1984, the appellant, Michael Alonzo Nicholson, was charged by trial information with first-degree theft by misappropriation. *See* Iowa Code sections 714.1(2) and 714.2(1) (1985). On March 23, 1984, Nicholson filed notice that he intended to rely on a defense of diminished responsibility and on April 18, 1984, the district court granted his application to hire an expert witness in support of that defense. On February 21, 1985, Nicholson filed a motion seeking to determine prior to trial the admissibility of evidence in support of his diminished responsibility defense. The district court ruled the evidence inadmissible because the defense of diminished responsibility is not available to a charge of theft by misappropriation, a general intent crime. Following a competency examination, trial commenced on September 24, 1985. Three days later, a jury found Nicholson guilty as charged. Nicholson's motions for new trial and in arrest of judgment were overruled and he was sentenced to a suspended sentence not to exceed ten years and placed on a five-year probation. This appeal followed.

Nicholson contends that the district court's order precluding him from introducing evidence in support of a diminished responsibility defense violates the due process guaranty contained in the fourteenth amendment to the federal constitution. This, argues Nicholson, is because that amendment prohibits the State from barring defense evidence that tends to rebut the *mens rea* element which the State must prove in order to convict. As Nicholson claims he was denied a constitutional protection, our review consists of an independent evaluation of the totality of the circumstances; this is equivalent to a de novo review. *State v. Schubert*, 346 N.W.2d 30, 32 (Iowa 1984); *State v. Hatter*, 342 N.W.2d 851, 854 (Iowa 1983).

■ It is axiomatic that an accused is presumed innocent of the charge and that this presumption extends to every element of the crime including the required *mens rea*. *E.g., Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978). Once a person is charged with violating the criminal law, due process requires the prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged before the accused may be convicted and subjected to punishment. *E.g., In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In addition, we are cognizant of the fact that "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 312 (1973). The power to define criminal conduct and to establish the

legal components of criminal liability, however, is vested in the legislature. *E.g., Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). It is within the legislature's prerogative to formulate affirmative defenses and to limit these defenses to a particular category of crimes, so long as the basic rights of the criminally accused are not impaired. *Id.*

■ In *State v. McVey*, 376 N.W.2d 585 (Iowa 1985), our state supreme court, although not faced with the present constitutional issue, held that the defense of diminished responsibility is available only to specific intent crimes. *Id.* at 588; *see also, Veverka v. Cash*, 318 N.W.2d 447 (Iowa 1982) (diminished responsibility defense not available to general intent crimes). The court reached this result based upon its understanding of the legislative intent implicit in the then-recent codification of the definition of legal insanity. *Id.* at 588. Theft by misappropriation is not a specific intent crime. *Eggman v. Scurr*, 311 N.W.2d 77, 79–81 (Iowa 1981). Consistent with these decisions, the district court refused to allow Nicholson to present evidence in support of a diminished responsibility defense. Nicholson urges us to hold that ruling violative of due process.

Nicholson argues that denying him the opportunity to bring a diminished responsibility defense results in an unconstitutional ban of all evidence which would tend to factually rebut the element of guilty knowledge which the State must prove. *See* Iowa Code section 714.1(2) (1985); II Iowa Uniform Jury Instructions (Criminal) No. 1408 (1978). Nicholson desires to rebut that element by showing that he was "mentally unaware of his ... misuse of another's property" due to mental illness. We note, however, that Nicholson made no attempt to raise the defense of insanity. Such a defense would have allowed him to introduce evidence tending to show that "at the time the crime [was] committed [he] suffer[ed] from such a diseased or deranged condition of the mind as to render [him] incapable of knowing the nature and quality of the act [he] commit[ted]...."

Iowa Code section 701.4 (1985). Foregoing this defense, Nicholson opted to rely on the defense of diminished responsibility, a defense which only "permits proof of defendant's mental condition on the issue of [defendant's] capacity to form a *specific intent* in those instances in which the State must prove defendant's *specific intent* as an element of the crime charged." *State v. Gramenz*, 256 Iowa 134, 139, 126 N.W.2d 285, 288 (1964) (emphasis added). By definition then the defense of diminished responsibility was not available to Nicholson, charged as he was with a general intent crime. Consequently, it was Nicholson's choice of defense, and not the district court's application of our law defining the parameters of the defense of diminished responsibility, which resulted in the evidentiary prohibition in this case.

In the exercise of the right to present witnesses in his or her favor, the accused must comply with established rules of procedure designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Chambers*, 410 U.S. at 302, 93 S.Ct. at 1049, 35 L.Ed.2d at 313; *State v. Conner*, 241 N.W.2d 447, 458 (Iowa 1976). In Iowa, one such rule of procedure requires that if a criminal defendant plans to present an insanity defense, that defendant must give notice of that intention. Iowa R.Crim.P. 10(11)(b)(1); 10(11)(d). We are cognizant that Nicholson attempts to characterize the evidence he sought to introduce in the district court as evidence of "mental illness short of insanity." He attempts to show, however, that he was "mentally unaware of his ... misuse of another's property" due to his mental illness. This, we think, is an argument that, at the time the crime was committed Nicholson was legally insane. *See* Iowa Code § 701.4 (1985). We are not inclined to allow Nicholson to eviscerate the requirements of our criminal rules by labeling as an apple that which is essentially an orange. Regardless of the label he attempts to attach to his argument, if, as we think was the case here, the gist of that argument is that Nicholson was legally insane at the time of the crime, he must accept the

■

burdens of notice and proof which our criminal justice system places upon him.

■ We cannot say that restricting the defense of diminished responsibility to specific intent crimes violates due process when a criminal defendant, such as Nicholson, has available an avenue enabling him or her to proffer the type of evidence that Nicholson attempted to introduce below. That avenue—the defense of insanity—was open to Nicholson who chose, for whatever reason or reasons, not to travel it. We accordingly reject Nicholson's constitutional argument.

Nicholson also claims that the district court erred in allowing certain rebuttal testimony. The challenged testimony related to alleged statements by Nicholson that he had faked mental illness in order to defend against possible criminal charges arising from the incidents which underly this case. Nicholson argues that this testimony was improperly admitted because it attempted to rebut a mental illness defense that Nicholson was precluded from presenting.

■ Although evidence which has no direct tendency to impeach, contradict, explain, or otherwise rebut evidence is not admissible on rebuttal, the district court is allowed a good deal of discretion in determining the scope of proper rebuttal testimony. *State v. Willey*, 171 N.W.2d 301, 302 (Iowa 1969). A district court's ruling regarding the propriety of rebuttal evidence will be disturbed on appeal only upon a clear showing of abuse of discretion. *State v. Bakker*, 262 N.W.2d 538, 543 (Iowa 1978). Rebuttal evidence includes any competent evidence which explains, or is a direct reply to, or a contradiction of, material evidence introduced by the accused or which is brought out on his or her cross-examination. 23 C.J.S. *Criminal Law* § 1050(a) (1961).

■ Notwithstanding the fact a diminished responsibility defense was unavailable to him, Nicholson presented testimony during his case-in-chief regarding his deteriorating mental health during the time the crimes at issue here were committed, his involuntary commitment to a mental hospital, and the effects of the mental illness on his actions. In light of this testimony, we think the state was properly allowed to reply by presenting testimony explaining Nicholson's ostensible mental illness as a fraud.

The district court stands affirmed.

AFFIRMED.

All Judges concur except for SNELL and SCHLEGEL, JJ., who dissent.

SNELL, Judge, dissenting.

I respectfully dissent from the result reached by the majority, apparently mandated by Iowa law. The case should be reversed and remanded for new trial. Defendant should be permitted to introduce evidence to rebut the *mens rea* element of the crime charged. To prevent this denies defendant his constitutionally protected rights under the due process clause of the 14th amendment to the federal constitution. The analysis and reasoning on this issue by Justice Carter dissenting in *State v. McVey*, 376 N.W.2d 585 (Iowa 1985), expresses my view.

SCHLEGEL, J., joins this dissent.